BLD-252                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2296
_____

ANTHONY C. WILLOUGHBY, JR.,
Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00650)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2022
Before:  MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: October 13, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony C. Willoughby appeals from an order of the District Court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

In 2012, a jury in the Northern District of Ohio found Willoughby guilty of sex trafficking of a minor through force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) and 2. He was sentenced to 360 months in prison followed by five years of supervised release, and his conviction and sentence were upheld on appeal. In 2015, Willoughby unsuccessfully sought relief pursuant to 28 U.S.C. § 2255. Willoughby subsequently filed two Rule 60(b) motions, which were denied as second or successive motions to vacate. The more recent motion, filed in 2021, alleged that a ruling by the Sixth Circuit in United States v. Kettles, 970 F.3d 637, 646-47 (6th Cir. 2020), changed the law surrounding convictions for sex trafficking of a minor by holding that a defendant is subject to the statute's mandatory fifteen-year minimum only if a jury finds that the victim was under fourteen years old. Willoughby argued that because his victim was not under the age of fourteen, he could not be subjected to the fifteen-year mandatory minimum sentence. Willoughby also alleged that the change in statutory interpretation rendered him factually or legally innocent of the crime charged. Willoughby appealed the denial of his motion, and the Sixth Circuit construed his request for a COA as a motion to file a second or successive motion to vacate under § 2255. Finding that Willoughby's proposed claim did not rely on newly discovered evidence or a new retroactively applicable rule of constitutional law, it denied the motion.

2

Thereafter, Willoughby filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, the place of his confinement. That petition asserted the same claim that a change in statutory construction by the Sixth Circuit rendered him innocent of the crimes charged. A Magistrate Judge recommended the petition be summarily dismissed for lack of jurisdiction, as Willoughby had failed to show that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention merely because the sentencing court did not previously grant relief. D.Ct. ECF No. 4 at 12. The report further noted that Willoughby's claim did not fall within the narrow "savings clause" exception set forth in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Id. at 8-9. The District Court denied the petition without prejudice for lack of jurisdiction. D.Ct. EFC No. 6.

Willoughby appeals. The parties were notified that the appeal would be submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) and for possible summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings for clear error. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

In support of his appeal, Willoughby argues that his claim is appropriately brought pursuant to § 2241 because the Sixth Circuit's opinion in Kettles represented a new statutory interpretation or change in the law that was not available to him at the time of his direct appeal or when he filed his initial § 2255 petition. 3d Cir. ECF No. 7 at 1-2. He asserts that "[t]he Sixth Circuit in Kettles has now made it clear: to pass constitutional

3

muster, in order for anyone to be convicted and penalized for one count of sex trafficking a minor under 18 U.S.C. 1591(a)(1), (b)(1) and 18 U.S.C. 2, the government must provide beyond a reasonable doubt proof that the defendant trafficked a minor who had not yet attained the age of 14 years." Id. at 2.

A prisoner's claims challenging the legality of his federal conviction and sentence must ordinarily be raised in a motion under 28 U.S.C. § 2255 filed in the sentencing court. See 28 U.S.C. § 2255(a); Dorsainvil, 119 F.3d at 249. Such claims may not be raised in a § 2241 petition, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); Dorsainvil, 119 F.3d at 251. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Rather, we have repeatedly emphasized that the safety valve provision of § 2255(e) is extremely narrow and applied only in rare circumstances. See, e.g., Dorsainvil, 119 F.3d at 251-52.

While Willoughby has attempted to assert that an intervening change in the law renders his remedy under § 2255 inadequate or ineffective, his reliance on the Sixth Circuit's opinion in Kettle is misplaced. 18 U.S.C. § 1591(a)(1) provides, in pertinent part, that "[w]however knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … knowing, or … in reckless disregard of the fact … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." 18 U.S.C. § (b)(1) provides for a mandatory minimum sentence of 15

4

years where "the offense was effected by means of force, threats of force, fraud, or coercion … or by any combination of such means, **or** if the person recruited … had not attained the age of 14 years at the time of such offense" (emphasis added).

At issue in Kettles was whether the enhanced penalty for a minor under the age of 14 required proof that the defendant knew or recklessly disregarded that the minor was under fourteen years of age. Kettles, 970 F.3d at 647. But Willoughby's sentence was not enhanced as a result of the victim's age. Rather, the jury in Willoughby's case found that the offense "was effected by means of force, threats of force, fraud, or coercion … or by any combination of such means." 18 U.S.C. § 1591(b)(1), D.Ct ECF No. 1-6 at 2 (jury verdict form). Willoughby's assertion that the Sixth Circuits opinion means that "in order for anyone to be convicted and penalized for one count of sex trafficking a minor …, the government must provide beyond a reasonable doubt proof that the defendant trafficked a minor who had not yet attained the age of 14 years," 3d Cir. ECF No. 7 at 2, is completely without merit. The Sixth Circuit's decision in Kettle in no way impacts his conviction or sentence, or in any way abrogates the provisions of the statue relating to force, threats of force, fraud, and coercion.

Accordingly, Willoughby has not shown an intervening change in the law or other extraordinary circumstances that would render § 2255 inadequate or ineffective to challenge his conviction and sentence. The District Court therefore properly dismissed Willoughby's § 2241 petition. As this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.